Certainly the owner out of possession, is not bound to entes within three years from his arrival to age. Instead of shryears, suppose only one year or one week elapsed in the time of his infancy — -must he enter within three years alter, or be barred ? If so, infancy, instead of conferring a privilege, will in reality abridge the time of limitation, and require aa entry within the space of a week -rnd three years after whereas a person of full sag-, might deser his entry till six years and fifty-one weeks alter his full age. Shall he be compelled to enter before the seven years are completed, when part elapses during his infancy, tutu the residue after hie full age
 
 l
 
 Suppose then, he was of ages
 
 *295
 
 sr»® dav o.'lv re the Deven years ere completed--nrost he .-niter the
 
 u'.y
 
 9!!>t! Then the infant who has neglect* J ha:, te» 'fry, is in a more eligible r.kuatioa than he wL»> has negkoitc it; for
 
 z
 
 less dnart j for if ¡he seven years exphe whilst an iiuUtut, he has three years longer 5 but if only six, he has hut one year more. He who is most negligent, k nvr
 
 1
 
 useuIyt-tL lie who coates ci age to day, when the lime efopses to-aun row. tT-di be deemed conu-.antof his rights, and capable to put himself in a condition to assert them in twenty-four hours 5 when he ».vho came of age yestes day, after the seven years expired, shall be deemed not conusant of them, nor capable to possess himself of the means of vindicating them in less time than three years aher. If it be said, that on coming of age-, he has it in his election to enter within three j’ears, or at any time after, before the expiration of the seven that is in substance to say, the proviso does not take place in such a case — for if k operates, it must bar, if the entry should not be made in three v-ears : whereas this opinion. supposes he may enter after the three yeass, and before the* seven are completed. Then tisis case is under the enacting clause ; and then the opinion amounts only to this- — that where part of the time runs during infancy, and other part alter, the; the bar take place after the expiration of seven years. If therefore, four years run ia the time of infancy, he must enter within three veers afterwards : not by force of the proviso, but oí í’k; enacting clause; and is exactly the same opin’en combate.’, h" the example of seven years elapsing the day after arrival to nui rSe°
 

 It may be said,
 
 exceptio unius es?, éxclasio ulierhis;
 
 and as none are excepted out of the generality of the enacting chaw , all ate bound except those described in the proviso: infant; against whom the seven years have run.not those against who.- a it aid not run ia the time of infancy. The letter of the act is but the meaning cannot lie, for it involves the absurdity bekr* pointed out, of most indulgence to the most dilatory. '1 1. o il;e act contemplates only two cases, — seven years run. against a pet sent of full age, r.ud seven yeass against those ursd: v age. The mixed case now before us was not contemplated, s.nd is a
 
 casus omissus ;
 
 and if so, it is either net utv'er the - ration of the ext, and is subject to no limitation ; or if eck--. r to its r rer.u spirit, that is to be collected by the rule i.bd k ■ "... by iLord Coke, by con^tming the act as near'o the r'sir .wi reason of the common law as possible. That imputes s;
 
 >
 
 Ur'-- ¡ to infants whatever, as may be seen in a great variety okastim. in .Lord Coke’s chanter of JSnines, Des..c ms which --o'! snd V/.urantry. This rule, ibnot imputing negligent: ® to is umveru! with the exception
 
 of upon
 
 pk.wvw
 
 ioi
 
 six months, by an ijiauabent, Ai.d vj&s it;vt other* Tati».-